UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID NICKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHILD SUPPORT SERVICES OF N.H., et al.,<br><br>    Defendants. | Civil Action No. 18-cv-10393-DLC<br><br><br>**MEMORANDUM AND ORDER** |

**CABELL, Magistrate Judge**

For the reasons stated below, the Court grants David Nickerson's motion to proceed *in forma pauperis* and directs him to file an amended complaint that complies with the directives of this Memorandum and Order.

**I.    Background**

David Nickerson ("Nickerson") brings this civil rights action alleging that various New Hampshire state agencies and employees violated his constitutional rights.  *See* Complaint ("Compl."), Docket No. 1.  He seeks leave to proceed *in forma pauperis*. *See* Motion, Docket No. 2.  This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

Nickerson's complaint was submitted on the civil complaint form that is available on the court's website.  *See* Compl. (Pro Se 1 (Rev. 09/16)).  Plaintiff resides in Lowell, Massachusetts, and states that he previously lived in New Hampshire.  *See* Compl., ¶ I(A).   He indicates that he brings this action on behalf of "all affected parties" and states that "a prior business was listed on Hampton Beach, N.H.  03842." *Id.*  The defendants include the clerk of the family court in Portsmouth, New Hampshire; an official with the New Hampshire Registry of Motor Vehicles;

the State of New Hampshire; Child Support Services of New Hampshire and six officials and/or employees.  *Id.*, ¶ I(B).

Nickerson asserts federal question jurisdiction under 28 U.S.C. § 1331.  *See* Compl., ¶ II (basis for jurisdiction).  He identifies the following laws as the basis for this action: "5th Amendment violation[,] 7th Amendment violation[,] 1th Amend[,] 'fraud' (Act 1911)[,] 'misrepresentation," violations of due process of law[,] deprovation (sic) of rights, life, liberty, and the pursuit of happiness, under color of law[,] enforcement of child support services under color of law, "collusion."  *Id.* at ¶ II(A) (if the basis for jurisdiction is a federal question).  As to the amount in controversy, plaintiff seeks, among other things, "250,000.00 per incident per unrebutted claim."  *Id.* at ¶ II(B)(3).

In the section of the complaint form for writing his statement of claim, Nickerson writes: "under threats of financial hardships, unlawfully collected funds, suspending privilages (sic) without contracts (existing) violations of rights without due process of law.  Causing financial hardships, stress, tort, tresspass (sic)."  *See* Compl., ¶ III (statement of claim).  For relief, Nickerson seeks return and reimbursement of "funds" to "all affected parties."  *Id.* at ¶ IV (relief).

## II.     Motion to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has shown that he is without assets to pay the filing fee.  Accordingly, the Court GRANTS the motion.

## III.    Screening of the Complaint

Because the plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions

in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense."  *See Belanger v. BNY Mellon Asset Management*, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015).  In conducting this review of the complaint, a *pro se* plaintiff such as Nickerson is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

      Here, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has not identified the alleged acts of misconduct by each of the parties.  Plaintiff appears to challenge the imposition and/or collection of child support payments, but he fails to provide any factual allegations as to when the alleged violations took place and what each defendant did, or failed to do.  Plaintiff's claims are not set forth in a fashion which would permit any of the defendants to file a meaningful response.  Under the Federal Rules of Civil Procedure, the onus is on the plaintiff to submit a complaint which sets forth, in an organized fashion, each claim he seeks to assert.

      Additionally, the Court would not be able to adjudicate several of plaintiff's claims because they are likely to be barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments, its agencies, and its officers acting in an official capacity, unless

the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

### IV.  Leave to Amend

In light of the foregoing, this action will be dismissed in 28 days unless plaintiff files an amended complaint which cures the pleading deficiencies noted herein. If plaintiff files an amended complaint, he must set forth, with clarity, the alleged misconduct of each party. This should include concise, clear statements of the unlawful actions that plaintiff alleges occurred, timelines for when these events happened, and information about which defendants committed the acts. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in any amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

Failure to comply with these directives may result in dismissal of this action. Upon receipt of plaintiff's response to this Memorandum and Order, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of plaintiff's response.

### V.  Order

Based on the foregoing, it is hereby Ordered that:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. If Plaintiff wishes to proceed with this action, he must, within twenty-eight (28) days from the date of this Memorandum and Order, file an amended complaint which cures the pleading deficiencies of the original complaint.

3. No summons shall issue pending further Order of the Court.

So ordered.

                                         /s/ Donald L. Cabell
                                         DONALD L. CABELL, U.S.M.J.

DATED: May 9, 2018