**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DAVID NICKERSON,

Plaintiff,

v.

CHILD SUPPORT SERVICES OF N.H., et al.,

Defendants.

Civil Action No. 18-cv-10393-DLC

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

**CABELL, U.S.M.J.**

For the reasons stated below, this action shall be reassigned to a District Judge. Upon reassignment, this Court recommends to that District Judge that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I. Relevant Background**

David Nickerson ("Nickerson") initiated this action by filing a complaint alleging that various New Hampshire state agencies and employees violated his constitutional rights. *See* Docket No. 1. By Memorandum and Order dated May 9, 2018 (the "Memorandum and Order"), plaintiff was permitted to proceed *in forma pauperis* and was advised that his complaint failed to state a claim upon which relief may be granted. *See* Docket No. 5.

The Memorandum and Order explained that the Eleventh Amendment bars suits in federal courts against states, its departments, its agencies, and its officers acting in an official capacity, unless the state has consented to suit or Congress has overridden the state's immunity. The Memorandum and Order also noted that the complaint failed to identify acts of misconduct by each of the parties and failed to set forth claims in a fashion which would permit any of the defendants to file a meaningful response.

Now before the Court is Nickerson's amended complaint. *See* Docket No. 6 (Am. Compl.). The amended complaint is handwritten and again names as defendants five employees of Child Support Services of New Hampshire ("the CSS" defendants: Chelsea Malizia, Sheri E. Colligan, Jeffrey Meyers, Mary S. Wetherill, and Catherine Davidow); a state court judge and clerk ("the judicial" defendants: Hon. John Pendleton and Diane P. Caron); and the acting director of the Registry of Motor Vehicles of New Hampshire (Elizabeth Bielecki). The amended complaint appears to name three additional defendants, including Intuit, Inc., the U.S Department of the Treasury, and the Internal Revenue Service. *See* Am. Compl., p. 6. In addition to asserting constitutional claims, Nickerson alleges violations of federal criminal statutes as well as state law claims for tort, trespass, and fraud. *See* Am. Compl.

As best can be gleaned from the amended complaint, Nickerson seeks to enjoin "all monetary collections and return [the $3,150 that was] seized [on] 4-17-18 [from wife's tax return]." *Id.* p. 1. Nickerson complains that the funds were seized "after litigation was initiated and [parties notified that the] unvalidated (sic) debt was being contested." *Id.* Nickerson alleges that on or about March 2008, the CSS defendants failed to provide an attorney to protect Nickerson's parental rights, improperly used DNA, arbitrarily confiscated funds, discriminated against Nickerson based on gender, and proceeded despite a conflict of interest. *Id.* at p. 2. Nickerson alleges collusion between the defendants and complains that his motorcycle and operator's license were revoked without court order and that his religious beliefs have not been respected. *Id.* at p. 6. Nickerson contends that actions were taken without proper notification and without court order. *Id.* at p. 7.

**II. Discussion**

For purposes of preliminary review, the Court liberally construes Plaintiff's amended complaint because he is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Even allowing for a liberal construction of the amended complaint, the court recommends, for the reasons set forth below, that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief may be granted and seeking monetary relief against defendants who are immune from such relief.

The amended complaint suffers from many of the same deficiencies as the original complaint, including insufficient factual allegations. Plaintiff's claims are not presented in a fashion which would permit any of the defendants to file a meaningful response and do not conform to the pleading requirements of the Federal Rules of Civil Procedure.

The complaint references several federal statutes, however such statutes do not provide a basis for relief. The federal criminal statutes referred to in the complaint, 18 U.S.C. §§ 241, 242, do not provide a private right of action and cannot be used in a civil action. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242); *see also Rockefeller v. U.S. Ct. of App. Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (granting motion to dismiss claim brought under 18 U.S.C. § 242).

As to the judicial defendants, absolute judicial immunity bars any claims against the state court judge and clerk for acts taken in their judicial capacities. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("immunity of judges for acts within the judicial role is [ ] well established"); *see also Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st Cir. 1977) (state court judge enjoys absolute

immunity from suit under § 1983, "as does his clerk"); *see also Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013) (judicial immunity extends to core judicial functions that are performed by judges and clerks within the scope of their jurisdiction).

Additionally, the Court is unable to adjudicate several of plaintiff's claims because they are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments, its agencies, and its officers acting in an official capacity, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Finally, Nickerson's attempt to enjoin the IRS and the Treasury Department from levying his or his wife's funds may be aimed at restraining the collection of taxes. The court lacks jurisdiction to enjoin the IRS or the Treasury Department from such collection activity by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Moreover, to challenge reckless or negligent action, a taxpayer must first exhaust available administrative remedies, which is not alleged.

## III. Order and Recommendation

Based on the foregoing, and for the reasons stated in the May 9, 2018 Memorandum and Order, it is hereby Ordered that this action be REASSIGNED to a District Judge. Upon such reassignment, this Court RECOMMENDS to the District Judge that this action be dismissed.[1]

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st

*So ordered.*

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: August 2, 2018

Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).